

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*William E. Fitzpatrick*
*Acting United States Attorney*

970 Broad Street, Suite 700   Phone: 973-645-2761
Newark, New Jersey 07102   Fax: 973-645-3988

*Margaret Mahoney*
*Assistant United States Attorney*

MaM/Plea.AGR
2016R00409

November 29, 2017

Mr. Robert Galantucci, Esq.
Galantucci, Patuto, DeVencentes,
Potter & Doyle, L.L.C.
55 State Street
Hackensack, New Jersey 07601

Re:   Plea Agreement: Nicole Pier

Dear Mr. Galantucci:

This letter sets forth the plea agreement between your client, Mrs. Nicole Pier, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this offer, the executed original must be received by this Office no later than close of business on December 15, 2017. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Nicole Pier to an Information that charges her with a dual object conspiracy to receive and accept a gratuity, contrary to Title 18, United States Code, Section 201(c) and with making false claims against the United States knowing such claims to be false, fictitious, or fraudulent, contrary to Title 18, United States Code, Section 287 and in violation of Title 18, United States Code, Section 371.

If Mrs. Pier enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mrs. Pier for the criminal conduct alleged in the Information, provided that Mrs. Pier admits under oath at the time of her guilty plea to the criminal offense describe above and that said conduct is taken into account as relevant conduct by the Court at the time of sentencing under U.S.S.G. Section 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mrs. Pier agrees that any dismissed charges and

any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mrs. Pier may be commenced against her, notwithstanding the expiration of the limitations period after Mrs. Pier signs the agreement.

## Sentencing

The violation of Title 18, United States Code, Section 371, to which Mrs. Pier agrees to plead guilty, carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mrs. Pier is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mrs. Pier ultimately will receive.

Further, in addition to imposing any other penalty on Mrs. Pier, the sentencing judge: (1) will order Mrs. Pier to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) may order Mrs. Pier to pay restitution pursuant to Title 18, United States Code, Section 3663 et seq.; (3) may order Mrs. Pier, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of her offense; and (4) pursuant to Title 18, United States Code, Section 3583, may require Mrs. Pier to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Mrs. Pier be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mrs. Pier may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mrs. Pier by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation

Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mrs. Pier's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Mrs. Pier agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mrs. Pier from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mrs. Pier waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

## Immigration Consequences

Mrs. Pier understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Mrs. Pier understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mrs. Pier wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Mrs. Pier understands that she is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Mrs. Pier waives any and all challenges to

her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mrs. Pier. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or Department of Defense), or any third party from initiating or prosecuting any civil or administrative proceeding against Mrs. Pier.

No provision of this agreement shall preclude Mrs. Pier from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mrs. Pier received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Mrs. Pier and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

William E. Fitzpatrick
Acting United States Attorney

By: Margaret Ann Mahoney
Assistant U.S. Attorney

APPROVED:

_____
Anthony Moscato
Chief, National Security Unit

I have received this letter from my attorney, Robert Galantucci, Esq. I have read it and I fully understand it. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____          Date: __12·12·17__
Mrs. Nicole Pier
Defendant

I have discussed with Mrs. Pier this plea agreement and all of its provisions, including the provisions addressing the charge, stipulations, waiver, immigration consequences, and sentencing. Mrs. Pier fully understands the letter and wants to plead guilty pursuant to this plea agreement.

_____          Date: __12/12/17__
Robert Galantucci, Esq.
Counsel for Nicole Pier

5

<u>Plea Agreement with Nicole Pier</u>

## Schedule A

1. This Office and Mrs. Pier recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Mrs. Pier nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Mrs. Pier within the Guidelines range that results from the total Guidelines offense level set forth below.

2. The version of the United States Sentencing Guidelines effective on November 1, 2016 applies in this case.

3. Pursuant to U.S.S.G. § 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit. U.S.S.G. § 1B1.2(d) and Note 3.

**Conspiracy to Accept Gratuity**

4. The applicable guideline is U.S.S.G. § 2X1.1(a), which requires application of the base offense level from the guideline for the substantive offense and any sentencing adjustments for that guideline.

5. The substantive offence is a violation of Title 18 United States Code, Section 201(c), and the applicable guideline for that offence is U.S.S.G. § 2C1.2(a)(1). This guideline carries a Base Offense level of 11.

6. The offense involved more than one gratuity. Therefore, based upon U.S.S.G. § 2C1.2(b)(1), the offense level is increased by 2 levels.

7. The value of the gratuity exceeded $6,500 and therefore, based upon U.S.S.G. § 2C1.2(b)(2) and § 2B1.1(b)(1)(F), the offense level is increased by 10 levels because the reasonably foreseeable loss caused by the fraudulent activity was greater than $150,000 but less than or equal to $250,000.

8. The offense involved a public official in a sensitive position. Therefore, based upon U.S.S.G. § 2C1.2(b)(3), the offense level is increased by 4 levels.

9. The total offense level for the Gratuity Conspiracy ("Group 1") is 27.

## **Conspiracy to File False Claims**

10. The applicable guideline is U.S.S.G. § 2X1.1(a), which requires application of the base offense level from the guideline for the substantive offense and any sentencing adjustments for that guideline.

11. The substantive offence is a violation of Title 18 U.S.C. § 287, and the applicable guideline for that offence is U.S.S.G. § 2B1.1. This guideline carries a Base Offense level of 6. U.S.S.G. § 2B1.1(a)(2).

12. The total reasonably foreseeable loss in this case was more than $150,000 but not more than $250,000. Therefore, the offense level is increased by 10 levels. U.S.S.G § 2B1.1(b)(1)(F).

13. The total offense level for the Conspiracy to File False Claims ("Group 2") is 16.

## **Grouping Analysis**

14. Because Group 2 is 11 levels less serious than Group 1, it does not increase the applicable offense level. U.S.S.G. § 3D1.4(c). Therefore, the total offense level for both groups is 27.

15. The parties agree that Mrs. Pier was a minimal participant in the relevant criminal activity, pursuant to U.S.S.G. 3B1.2(a). This results in a decrease of 4 levels.

16. As of the date of this letter, Mrs. Pier has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mrs. Pier's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

17. As of the date of this letter, Mrs. Pier has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Mrs. Pier's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Mrs. Pier enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Mrs. Pier's acceptance of responsibility has continued through the date of sentencing and (c) Mrs. Pier's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

18. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Mrs. Pier is 20 (the "Agreed Total Offense Level").

19. Mrs. Pier knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 20. The parties reserve any right they may have under Title 18, United States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.